# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHNSON HEALTH TECH. CO., LTD., and JOHNSON HEALTH TECH NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SPIRIT MANUFACTURING, INC. d/b/a SPIRIT FITNESS PRODUCTS, <br><br> Defendant. | Case No. 13-CV-_712 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### (FILED UNDER SEAL)

Plaintiffs, Johnson Health Tech. Co., Ltd. and Johnson Health Tech North America, Inc. (collectively, "Johnson Health Tech"), file this Complaint against Defendant Spirit Manufacturing, Inc. for infringement of U.S. Patent No. 7,654,936 ("the 936 Patent"), a copy of which is attached hereto as Exhibit A, U.S. Patent No. 7,722,505 ("the 505 Patent"), a copy of which is attached hereto as Exhibit B, and U.S. Patent No. 8,092,349 ("the 349 Patent"), a copy of which is attached hereto as Exhibit C,  under 35 U.S.C. § 271.  Johnson Health Tech also files this Complaint against Spirit Manufacturing, Inc., for breach of a License Agreement ("the License Agreement"), a copy of which is attached hereto as Exhibit D.  In support of these claims, Johnson Health Tech states as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement of United States Patent Number 7,654,936, United States Patent Number 7,722,505, and United States Patent Number 8,092,349 and arises under the patent laws of the United States, Title 35 of the United States Code.

2. Johnson Health Tech also brings a claim for breach of the License Agreement between Johnson Health Tech and Spirit Manufacturing, Inc.

## THE PARTIES

3. Johnson Health Tech Co., Ltd. is a corporation organized under the laws of Taiwan R.O.C. with its principal place of business at No. 26, Ching Chuan Rd., Taya Hsiang, Taichung Hsien 428, Taiwan R.O.C. Johnson Health Tech is in the business of making and selling, among other things, fitness and rehabilitation equipment, including treadmills and elliptical products.

4. Johnson Health Tech North America, Inc. is a corporation organized under the laws of the state of Wisconsin with its principal place of business at 1600 Landmark Drive, Cottage Grove, Wisconsin 53527.

5. Upon information and belief, Spirit Manufacturing, Inc. is an Arkansas company which does business as Spirit Fitness Products with a principal place of business at 2601 Commerce Drive, Jonesboro, Arkansas 72401 (collectively "Spirit"). Spirit is in the business of selling, among other things, sporting goods and fitness products, including elliptical products.

6. Upon information and belief, Spirit is a wholly owned subsidiary of Dyaco International Inc. ("Dyaco"), a Taiwan-based fitness equipment manufacturer.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331, 1332 and 1338(a).

8. This Court has personal jurisdiction over Spirit.

9. Spirit conducted and does conduct business within the State of Wisconsin. Spirit, directly or through subsidiaries, intermediaries, distributors and retailers or others, offers for sale, sells, imports, advertises and/or markets elliptical products and fitness products, as well as other products and services, in the United States, the State of Wisconsin, and the Western District of Wisconsin, including but not limited to the products accused of infringement in this Complaint.

10. Spirit has committed acts of infringement within the State of Wisconsin and, more particularly, within the Western District of Wisconsin.

11. ██████████████████████████████████████████████ ████████████.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## BACKGROUND FACTS

13. The 936 Patent, entitled "Stationary Exercise Apparatus," was duly and legally issued on February 2, 2010. Hung-Mao Liao, Bill W. Baier, Mark J. Kannel,

Donald E. Stiemke, Darian P. Johnston, and J. Addison Pettis are the inventors of the 936 Patent.  Johnson Health Tech Co., Ltd. is the assignee of the 936 Patent.

14.     The 505 Patent, entitled "Stationary Exercise Apparatus," was duly and legally issued on May 25, 2010.  Hung-Mao Liao, Bill W. Baier, Mark J. Kannel, Donald E. Stiemke, Darian P. Johnston, and J. Addison Pettis are the inventors of the 505 Patent.  Johnson Health Tech Co., Ltd. is the assignee of the 505 Patent.

15.     The 349 Patent, entitled "Stationary Exercise Apparatus," was duly and legally issued on January 10, 2012.  Hung-Mao Liao, Bill W. Baier, Mark J. Kannel, Donald E. Stiemke, Darian P. Johnston, and J. Addison Pettis are the inventors of the 349 Patent.  Johnson Health Tech Co., Ltd. is the assignee of the 349 Patent.

16.     Upon information and belief, Spirit first became aware of the 936, 505, and 349 Patents no later than July 31, 2010.  Specifically, on or about July 31, 2010 representatives of Johnson Health Tech communicated with representatives of Spirit regarding the 936, 505, and 349 Patents.

17.     ███████████████████████, Spirit and Johnson Health Tech entered into a License Agreement.  *See* Exhibit D.

18.     ████████████████████████████████████████████████
████████████████████████████.

19.     ████████████████████████████████████████████████

20.     On or about November 1, 2011, Johnson Health Tech learned that Spirit was selling and / or offering to sell certain elliptical products ████████████
████████████████████████████████████████████████

4

21. On January 6, 2012, Johnson Health Tech informed Spirit that it believed that certain Sole branded elliptical products, made by Dyaco and imported into the United States by Spirit, were covered by the 936, 505, and 349 Patents ██████ ████████████████████████████████████████████████████████████.

22. Upon information and belief, Dyaco manufactures elliptical products for Sole Fitness, and Spirit imports these elliptical products into the United States for Sole Fitness.

23. Upon information and belief, Spirit sells elliptical products to Sole Fitness, including the products accused of infringement in this Complaint.

24. Spirit informed Johnson Health Tech that it disagreed with Johnson Health Tech's patent infringement analysis, but would not explain the basis for its disagreement.

**FIRST CLAIM FOR RELIEF**
(Infringement of the 936 Patent by Spirit)

25. Johnson Health Tech realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-24 as though set forth here in full.

26. Spirit has been and is now directly infringing on the 936 Patent in this district and elsewhere in the United States by making, using, selling, offering for sale, importing, and/or exporting products, including, at a minimum, the Sole E25 and Sole E95 elliptical products and any other variations thereof which may be sold under

different product numbers, which are covered by at least claims 1 and 6 of the 936 Patent.

27. Spirit's actions have damaged Johnson Health Tech in an amount to be determined at trial.

28. Upon information and belief, Spirit's infringement of the 936 Patent has been, and continues to be, willful.

## SECOND CLAIM FOR RELIEF
(Infringement of the 505 Patent by Spirit)

29. Johnson Health Tech realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-24 as though set forth here in full.

30. Spirit has been and is now directly infringing on the 505 Patent in this district and elsewhere in the United States by making, using, selling, offering for sale, importing, and/or exporting products, including, at a minimum, the Sole E25 and Sole E95 elliptical products and any other variations thereof which may be sold under different product numbers, which are covered by at least claim 6 of the 505 Patent.

31. Spirit's actions have damaged Johnson Health Tech in an amount to be determined at trial.

32. Upon information and belief, Spirit's infringement of the 505 Patent has been, and continues to be, willful.

### THIRD CLAIM FOR RELIEF
(Infringement of the 349 Patent by Spirit)

33. Johnson Health Tech realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-24 as though set forth here in full.

34. Spirit has been and is now directly infringing on the 349 Patent in this district and elsewhere in the United States by making, using, selling, offering for sale, importing, and/or exporting products, including, at a minimum, the Sole E25 and Sole E95 elliptical products and any other variations thereof which may be sold under different product numbers, which are covered by at least claim 1 of the 349 Patent.

35. Spirit's actions have damaged Johnson Health Tech in an amount to be determined at trial.

36. Upon information and belief, Spirit's infringement of the 349 Patent has been, and continues to be, willful.

### FOURTH CLAIM FOR RELIEF
(Breach of the License Agreement by Spirit)

37. Johnson Health Tech realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-36 as though set forth here in full.

38. Johnson Health Tech and Spirit entered into the License Agreement ██████████████████████████.

7

39. 

40.

41.     Johnson Health Tech has performed fully all of its obligations under the License Agreement.

42.

43.     As a result of Spirit's breach of the License Agreement, Johnson Health Tech has sustained monetary damages in an amount to be determined at trial.

### REQUEST FOR RELIEF

WHEREFORE, Johnson Health Tech asks this Court for the following relief:

A.      Order, adjudge and decree that Spirit has committed acts of patent infringement in violation of 35 U.S.C. § 271;

B.      Enter judgment that Spirit has infringed the 936 Patent;

C.      Enter judgment that Spirit has infringed the 505 Patent;

D.      Enter judgment that Spirit has infringed the 349 Patent;

E.      Enter judgment that Spirit has breached the License Agreement;

F. Issue permanent injunctive relief prohibiting Spirit, and its respective parents, subsidiaries, principals, officers, directors, agents, attorneys, employees and all others in privity with it, from infringing the 936, 505, and 349 Patents, pursuant to 35 U.S.C. § 283;

G. Award Johnson Health Tech its damages for patent infringement, and prejudgment interest and costs against Spirit pursuant to 35 U.S.C. § 284;

H. Award Johnson Health Tech its damages for breach of the License Agreement;

I. Order, adjudge and decree that Spirit's infringement of the 936, 505, and 349 Patents has been exceptional under 35 U.S.C. § 285;

J. Treble said damage award against Spirit Manufacturing, Inc. under 35 U.S.C. § 284;

K. Award Johnson Health Tech its reasonable attorneys' fees under 35 U.S.C. § 285;

L. [REDACTED]

M. Award such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Johnson Health Tech respectfully requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues so triable.

DATED: October 10, 2013              Respectfully submitted,

                                              **MICHAEL BEST & FRIEDRICH LLP**

                                         By /s/John C. Scheller
                                              John C. Scheller, SBN 1031247
                                              Michelle L. Dama, SBN 1041809
                                              Kenneth M. Albridge III, SBN 1078384
                                              Albert Bianchi, Jr., SBN 6292391
                                              One South Pinckney Street, Suite 700
                                              Madison, Wisconsin 53703
                                              Telephone: (608) 257-3501
                                              Facsimile: (608) 283-2275
                                              Email: jcscheller@michaelbest.com
                                                          mldama@michaealbest.com
                                                          kmalbridge@michaelbest.com
                                                          abianchi@michaelbest.com

                                              Attorneys for Plaintiff
                                              Johnson Health Tech. Co., Ltd. and Johnson
                                              Health Tech North America, Inc.